ACCEPTED
03-14-00199-CV
4055345
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/6/2015 1:53:57 PM
JEFFREY D. KYLE
CLERK

## No. 03-14-00199-CV

_____

COURT OF APPEALS
THIRD JUDICIAL DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/6/2015 1:53:57 PM
JEFFREY D. KYLE
Clerk

_____

CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.

*Appellants*,

v.

MONIQUE RATHBUN,

*Appellee*.

_____

## MOTION FOR LEAVE TO FILE
## REPLY RE: NOTICE OF SUPPLEMENTAL AUTHORITY OF
## APPELLANT CHURCH OF SCIENTOLOGY INTERNATIONAL

_____

On Appeal from the 207th Judicial District Court
of Comal County, Texas
Trial Court No. C-2013-1082B
Hon. Dib Waldrip of the 433rd Judicial District Court, Presiding

_____

Of Counsel:

Eric M. Lieberman
RABINOWITZ, BOUDIN, STANDARD,
 KRINSKY & LIEBERMAN PC
45 Broadway, Suite 1700
New York, New York 10006
Telephone:  212.254.1111
Facsimile:  212.674.4614
elieberman@rbskl.com

Thomas S. Leatherbury
 State Bar No. 12095275
Marc A. Fuller
 State Bar No. 24032210
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone:  214.220.7792
Facsimile:  214.999.7792
tleatherbury@velaw.com
mfuller@velaw.com

Ricardo G. Cedillo
  State Bar No. 04043600
Isaac J. Huron
  State Bar No. 24032447
Les J. Strieber III
  State Bar No. 19398000
DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: 210.822.6666
Facsimile: 210.822.1151
rcedillo@lawdcm.com
ihuron@lawdcm.com
lstreiber@lawdcm.com

George H. Spencer, Jr.
  State Bar No. 18921001
CLEMENS & SPENCER
112 E. Pecan Street, Suite 1300
San Antonio, Texas 78205-1531
Telephone: 210.227.7121
Facsimile: 210.227.0732
spencer@clemens-spencer.com

***Attorneys for Appellant Church of Scientology International***

TO THE HONORABLE COURT OF APPEALS:

Appellant Church of Scientology International ("Church") requests leave to file a short notice that provides subsequent history in *Woodward v. Church of Scientology Int'l et al.*, Case No. BC540097 in the Superior Court for the State of California for the County of Los Angeles. In light of *Woodward*'s relevance to the Court's questions during oral argument regarding how Texas's anti-SLAPP statute should be applied in mixed-claims cases, where some claims arise from activities protected by the statute and some claims allegedly do not, the Church brought *Woodward* to the Court's attention in a previously-filed Notice of Supplemental Authority, which the Court granted leave to file on December 3, 2014.

In response to the Church's Notice, Appellee Monique Rathbun argued that *Woodward* was "not helpful" to the Court's analysis in this case, in part because there was a pending motion for reconsideration. *See* Jan. 6, 2015 Response. The Church now seeks leave to submit notice of the *Woodward* court's order denying the motion for reconsideration. *See* Ex. 1.

Wherefore, the Church prays that this Court grant this Motion for Leave to File Reply re: Notice of Supplemental Authority of Appellant Church of Scientology, which is attached hereto as Exhibit 1, and grant any such other relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Thomas S. Leatherbury*

Thomas S. Leatherbury
  State Bar No. 12095275
Marc A. Fuller
  State Bar No. 24032210
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201-2975
Telephone:  214.220.7792
Facsimile: 214.999.7792
tleatherbury@velaw.com
mfuller@velaw.com

Ricardo G. Cedillo
  State Bar No. 04043600
Isaac J. Huron
  State Bar No. 24032447
Les J. Strieber III
  State Bar No. 19398000
DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: 210.822.6666
Facsimile: 210.822.1151
rcedillo@lawdcm.com
ihuron@lawdcm.com

George H. Spencer, Jr.
  State Bar No. 18921001
CLEMENS & SPENCER
112 E. Pecan Street, Suite 1300
San Antonio, Texas  78205-1531
Telephone: 210.227.7121
Facsimile: 210.227.0732
spencer@clemens-spencer.com


Of Counsel:

Eric M. Lieberman
RABINOWITZ, BOUDIN, STANDARD,
  KRINSKY & LIEBERMAN PC
45 Broadway, Suite 1700
New York, NY 10006
Telephone:  212.254.1111
Facsimile:  212.674.4614
elieberman@rbskl.com

*Attorneys for Appellant Church of*
*Scientology International*

## CERTIFICATE OF CONFERENCE

On February 6, 2015, I conferred with Appellee's counsel, Leslie Hyman, who stated that Appellee is not opposed to this motion.


/s/  *Marc A. Fuller*_____
Marc A. Fuller

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 6th day of February, 2015, the foregoing Motion for Leave to File Reply re: Notice of Supplemental Authority for Appellant Church of Scientology International was served on the following attorneys in accordance with the requirements of the Texas Rules of Appellate Procedure via electronic filing or email.

Ray B. Jeffrey
JEFFREY & MITCHELL, P. C.
2631 Bulverde Road, Suite 105
Bulverde, TX  78163

Marc F. Wiegand
THE WIEGAND LAW FIRM, P.C.
434 N. Loop 1604 West,
Suite 2201
San Antonio, TX  78232

Elliott S. Cappuccio
PULMAN, CAPPUCCIO PULLEN
& BENSON, LLP
2161 N.W. Military Hwy., #400
San Antonio, TX  78213

Lamont A. Jefferson
HAYNES & BOONE LLP
112 E. Pecan Street, Suite 1200
San Antonio, TX  78205-1540

J. Iris Gibson
HAYNES & BOONE LLP
600 Congress Ave., Suite 1300
Austin, TX  78701

Jonathan H. Hull
REAGAN BURRUS
401 Main Plaza, Suite 200
New Braunfels, TX  78130

O. Paul Dunagan
SARLES & OUIMET
370 Founders Square
900 Jackson Street
Dallas, TX  75202

Bert H. Deixler
KENDALL BRILL KLIEGER
10100 Santa Monica Blvd.,
Suite 1725
Los Angeles, CA  90067

Stephanie S. Bascon
LAW OFFICE OF STEPHANIE S. BASCON,
PLLC
297 W. San Antonio Street
New Braunfels, TX  78130

Wallace B. Jefferson
Rachel Ekery
ALEXANDER DUBOSE JEFFERSON
& TOWNSEND, LLP
515 Congress Avenue, Suite 2350
Austin, TX 78701

/s/     *Thomas S. Leatherbury*
Thomas S. Leatherbury

-4-

US 3272943v.1

# EXHIBIT 1

**No. 03-14-00199-CV**

_____

COURT OF APPEALS
THIRD JUDICIAL DISTRICT OF TEXAS
AUSTIN, TEXAS

_____

CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.

*Appellants*,

v.

MONIQUE RATHBUN,

*Appellee*.

_____

**REPLY RE: NOTICE OF SUPPLEMENTAL AUTHORITY OF
APPELLANT CHURCH OF SCIENTOLOGY INTERNATIONAL**

_____

On Appeal from the 207th Judicial District Court
of Comal County, Texas
Trial Court No. C-2013-1082B
Hon. Dib Waldrip of the 433rd Judicial District Court, Presiding

_____

Of Counsel:

Eric M. Lieberman
RABINOWITZ, BOUDIN, STANDARD,
 KRINSKY & LIEBERMAN PC
45 Broadway, Suite 1700
New York, New York 10006
Telephone:  212.254.1111
Facsimile:  212.674.4614
elieberman@rbskl.com

Thomas S. Leatherbury
 State Bar No. 12095275
Marc A. Fuller
 State Bar No. 24032210
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone:  214.220.7792
Facsimile:  214.999.7792
tleatherbury@velaw.com
mfuller@velaw.com

Ricardo G. Cedillo
  State Bar No. 04043600
Isaac J. Huron
  State Bar No. 24032447
Les J. Strieber III
  State Bar No. 19398000
DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: 210.822.6666
Facsimile: 210.822.1151
rcedillo@lawdcm.com
ihuron@lawdcm.com
lstreiber@lawdcm.com

George H. Spencer, Jr.
  State Bar No. 18921001
CLEMENS & SPENCER
112 E. Pecan Street, Suite 1300
San Antonio, Texas  78205-1531
Telephone: 210.227.7121
Facsimile: 210.227.0732
spencer@clemens-spencer.com

*Attorneys for Appellant Church of Scientology International*

On December 3, 2014, the Court granted Appellant Church of Scientology International's Motion for Leave to File Notice of Supplemental Authority regarding a California trial court's ruling in *Woodward v. Church of Scientology Int'l et al.*, Case No. BC540097 in the Superior Court for the State of California for the County of Los Angeles. As the Church noted, the *Woodward* ruling is relevant to the Court's questions during oral argument regarding how Texas's anti-SLAPP statute should be applied in cases involving mixed claims, where some claims arise from activities protected by the statute and some claims allegedly do not. *See* Dec. 3, 2014 Notice of Supplemental Authority.

In response to the Church's Notice, Appellee Monique Rathbun argued that *Woodward* is "not helpful" to the Court's analysis of the mixed-claims issue because "the trial court's order . . . [wa]s the subject of a motion to reconsider . . . ." *See* Jan. 6, 2015 Response at Ex. 1, p. 2.

The *Woodward* court has now ***denied*** the motion for reconsideration cited by Appellee. A copy of the court's tentative ruling denying the motion for reconsideration is attached to this Reply as Ex. A, and a copy of the transcript of the January 7, 2015, hearing during which the court adopted the tentative ruling is attached to this Reply as Ex. B. The court's order is now final.

-1-

Respectfully submitted,

Ricardo G. Cedillo        /s/    *Thomas S. Leatherbury*
  State Bar No. 04043600      Thomas S. Leatherbury
Isaac J. Huron             State Bar No. 12095275
  State Bar No. 24032447     Marc A. Fuller
Les J. Strieber III          State Bar No. 24032210
  State Bar No. 19398000     Vinson & Elkins L.L.P.
Davis, Cedillo & Mendoza, Inc.   2001 Ross Avenue, Suite 3700
McCombs Plaza, Suite 500    Dallas, Texas 75201-2975
755 E. Mulberry Avenue     Telephone: 214.220.7792
San Antonio, Texas 78212    Facsimile: 214.999.7792
Telephone: 210.822.6666     tleatherbury@velaw.com
Facsimile: 210.822.1151     mfuller@velaw.com
rcedillo@lawdcm.com
ihuron@lawdcm.com       George H. Spencer, Jr.
                      State Bar No. 18921001
                    Clemens & Spencer
                    112 E. Pecan Street, Suite 1300
                    San Antonio, Texas 78205-1531
                    Telephone: 210.227.7121
                    Facsimile: 210.227.0732
                    spencer@clemens-spencer.com

Of Counsel:

Eric M. Lieberman
Rabinowitz, Boudin, Standard,
  Krinsky & Lieberman PC
45 Broadway, Suite 1700
New York, New York 10006
Telephone:  212.254.1111
Facsimile:  212.674.4614
elieberman@rbskl.com

***Attorneys for Appellant Church of Scientology International***

US 3271742v.1

# EXHIBIT A

# DEPARTMENT 56 LAW AND MOTION RULINGS

DEPARTMENT 56, JUDGE MICHAEL JOHNSON
LAW AND MOTION RULINGS

The Court makes every effort to post tentative rulings by 2.00 pm of the court day before the hearing. The tentative ruling will not become the final ruling until the hearing [see CRC 3.1308(a)(2)].

If the parties wish to submit on the tentative ruling and avoid a court appearance, all counsel must agree and choose which counsel will give notice. That counsel must 1) call Dept 56 by 8:30 a.m. on the day of the hearing (213/663-0656) and state that all parties will submit on the tentative ruling, and 2) serve notice of the ruling on all parties. If any party declines to submit on the tentative ruling, then no telephone call is necessary and all parties should appear at the hearing in person or by Court Call.

Court reporters are not provided for any of the court's morning sessions. Parties who want a record of motions and other morning proceedings must hire a privately retained certified court reporter.

---

**Case Number:** BC540097    **Hearing Date:** January 07, 2015    **Dept:** 56

Case Name: Woodward v. Church of Scientology International, et al.
Case No.: BC540097
Matters: (1) Plaintiff's Motion for Reconsideration and for Leave to File Amended Complaint; (2) Defendants' Motion for Attorney Fees and Costs

Tentative Ruling: (1) Motion for reconsideration/leave is denied; (2) Motion for fees and costs is granted.

Plaintiff Vance Woodward filed this action against Defendants Church of Scientology International, Church of Scientology of San Francisco and related entities. On 10/8/14 the court granted Defendants' anti-SLAPP motion. Plaintiff now moves to reconsider the court's 10/8/14 ruling and for leave to file an amended complaint. Defendants move for recovery of their attorney fees and costs pursuant to CCP §425.16(c)(1).

Motion for Reconsideration/Leave –
Plaintiff moves to reconsider the court's 10/8/14 ruling. A motion for reconsideration may only be brought if the party moving for reconsideration can offer "new or different facts, circumstances, or law" which could not have been produced with reasonable diligence at the time of the prior motion. See CCP §1008(a); Forrest v. Dept. of Corp. (2007) 150 Cal.App.4th 183, 202.

Plaintiff has not met this standard. Plaintiff's arguments only constitute further elaboration on the matters presented in his opposition to the motion, and Plaintiff appears to have been aware of them at the time of the hearing. Plaintiff claims that he was misled by Defendants' arbitration motion which caused him to focus on certain issues to the exclusion of others. But this also could have been raised at the time of the hearing. Plaintiff has not presented any persuasive reasons to re-examine the court's 10/8/14 ruling, and the motion for reconsideration is denied.

Plaintiff also moves for leave to file an amended complaint, but this is prohibited under the law. Once

an anti-SLAPP motion is filed, the plaintiff may not amend the complaint. This is especially true for a request to file an amended complaint after an anti-SLAPP motion has been granted. See Simmons v. Allstate (2001) 92 Cal.App.4th 1068, 1073 ("Allowing a SLAPP plaintiff leave to amend the complaint once the court finds the prima facie showing has been met would completely undermine the statute by providing the pleader a ready escape from section 425.16's quick dismissal remedy."). Plaintiff's request for leave to amend is denied.

Motion for Attorney Fees and Costs –
Defendants have jointly moved for recovery of attorney fees and costs pursuant to CCP §425.16(c)(1) as the prevailing parties on the anti-SLAPP motion. The determination of what constitutes a reasonable fee generally begins with the "lodestar" (the number of hours reasonably expended multiplied by the reasonable hourly rate), which may be adjusted up or down by relevant factors. See Ketchum v. Moses (2001) 24 Cal.4th 1122, 1136.

Defendants request attorney fees totaling $125,250, calculated as 118.4 hours at the hourly rate of $750 for Gary S. Soter and 72.9 hours at the hourly rate of $500 for Kendrick L. Moxon. Defendants also seek costs of $2,832.50. Defendants have supported the motion with evidence of the experience and background of the attorneys, and with billing records which itemize the time spent. The declarations and time sheets are sufficient to support Defendants' claims as to the time expended. See Lunada Biomedical v. Nunez (2014) 230 Cal.App.4th 459, 487-88. The records have been properly edited, with exclusion of time spent on the arbitration motion and other extraneous matters.

The court has considered all relevant factors in determining the reasonableness of Defendants' attorney fee request, and will award a total of $87,675 in fees. This is approximately 70% of the amount requested, and the total request has been reduced to reflect duplication between the two law firms, the rather high hourly rates charged (particularly for Soter), and the reasonable scope of the work required for Defendants' motions. In light of all the circumstances and the matters reviewed in this case, the court believes that $87,675 is an appropriate award. The court will also grant Defendants' requested costs of $2,832.50, for a total award of $90,507.50.

# EXHIBIT B

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 56                    HON. MICHAEL JOHNSON, JUDGE

VANCE WOODWARD,                          )
                                         )
                                         )  CASE NO. BC540097
                                         )
                                         )
             PLAINTIFF,                  )
                                         )
        VS.                              )
                                         )
                                         )
CHURCH OF SCIENTOLOGY                     )
INTERNATIONAL, ET. AL.,                  )
                                         )
                                         )
             DEFENDANT.                  )
                                         )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

WEDNESDAY, JANUARY 7, 2015

TRACY DYRNESS, CSR NO. 12323
OFFICIAL REPORTER PRO TEM

Coalition of Court Reporters of Los Angeles
205 South Broadway, Suite 200, Los Angeles, CA 90012 | 213.471.2966 | www.ccrola.com

APPEARANCES:


FOR PLAINTIFF:      VANCE WOODWARD, ESQ.
                    ATTORNEY AT LAW
                    8335 W. SUNSET BOULEVARD
                    SUITE 247
                    WEST HOLLYWOOD, CALIFORNIA 90069


FOR DEFENDANT:      GARY SCOTT SOTER, ESQ.
                    ATTORNEY AT LAW
                    22287 MULHOLLAND HIGHWAY
                    SUITE 169
                    CALABASAS, CALIFORNIA 91302

                    KENDRICK L. MOXON, ESQ.
                    ATTORNEY AT LAW
                    3500 W. OLIVE AVENUE
                    SUITE 300
                    BURBANK, CALIFORNIA  91505

Coalition of Court Reporters of Los Angeles
205 South Broadway, Suite 200, Los Angeles, CA 90012 | 213.471.2966 | www.ccrola.com

CASE NUMBER:              BC540097

CASE NAME:                WOODWARD VS. CHURCH OF

                          SCIENTOLOGY INTERNATIONAL

LOS ANGELES, CALIFORNIA   WEDNESDAY, JANUARY 7, 2015

DEPARTMENT 56             HON. MICHAEL JOHNSON, JUDGE

APPEARANCES:              (AS HERETOFORE NOTED.)

TIME:                     8:54 A.M.

     THE COURT:  WOODWARD VERSUS CHURCH OF SCIENTOLOGY, ET. AL.  YOUR APPEARANCES PLEASE.

     MR. WOODWARD:  GOOD MORNING, YOUR HONOR.  VANCE WOODWARD, REPRESENTING MYSELF AS PLAINTIFF.

     MR. MOXON:  GOOD MORNING, YOUR HONOR.  KENDRICK MOXON FOR THE CHURCH OF SCIENTOLOGY OF SAN FRANCISCO.

     MR. SOTER:  GOOD MORNING, YOUR HONOR.  I'M GARY SOTER ON BEHALF OF DEFENDANTS CHURCH OF SCIENTOLOGY INTERNATIONAL, CHURCH OF SCIENTOLOGY WESTERN UNITED STATES AND CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION.

     THE COURT:  THIS IS HERE ON TWO MOTIONS, THE PLAINTIFF'S MOTION FOR RECONSIDERATION AND LEAVE TO FILE AN AMENDED COMPLAINT AND THE DEFENDANT'S MOTION FOR FEES AND COSTS FOLLOWING THE GRANTING OF THEIR ANTI-SLAPP MOTIONS IN OCTOBER OF LAST YEAR.  LET'S TAKE THE MOTION BY PLAINTIFF FIRST.  I PREPARED TENTATIVE RULINGS ON BOTH OF THEM.  DO YOU WISH TO ADDRESS YOUR MOTION, MR. WOODWARD?

     MR. WOODWARD:  I DO, YOUR HONOR.  THANK YOU.  YOUR HONOR, I SUBMITTED UNCONTRADICTED EVIDENCE THAT DEFENDANTS SOLD ME GOODS AND SERVICES AT FIXED PREPAID PRICES WITH A

3

PUBLICALLY-STATED REFUND POLICY THAT THEY WILL REFUND PAYMENTS ON DEMAND. THEIR POLICY IS THAT REFUND DEMANDS WILL BE PAID IN FULL WITH THE PROVISO OF DEFENDANTS REFUSING TO SELL FURTHER GOODS AND SERVICES TO THAT CUSTOMER.

I SUBMITTED WHAT EVIDENCE I COULD MUSTER IN THE 13 DAYS THAT I HAD TO PREPARE MY OPPOSITION TO DEFENDANTS' ANTI-SLAPP MOTION; THAT'S IN MY FIRST DECLARATION, PARAGRAPHS 149 TO 155, ALONG WITH ALL BUT ONE OF THE 13 EXHIBITS THAT I SUBMITTED WITH THAT DECLARATION, WHICH ARE INVOICES, ACCOUNT STATEMENTS AND PRICE LISTS. DEFENDANTS HAVE NOT CONTRADICTED THAT ORIGINAL EVIDENCE. DEFENDANTS MERELY OBJECTED TO THE ADMISSIBILITY OF THEIR OWN IRS SUBMISSION, WHICH WAS EXHIBIT PRJN1 OF MY REQUEST FOR JUDICIAL NOTICE.

I PRODUCED MORE EVIDENCE WHEN I OBTAINED MORE. FOR INSTANCE, I DID NOT HAVE ACCESS TO THE OEC VOLUMES BEFORE THE HEARING ON DEFENDANTS' ANTI-SLAPP MOTION. I OBTAINED THOSE AFTERWARDS. I PRODUCED THOSE EXHIBITS FROM THE OEC VOLUMES WITH MY DECLARATIONS IN SUPPORT OF MY MOTION FOR RECONSIDERATION AS EXHIBITS VWD14, 15, 16, 18, 22 AND 23.

I ALSO SUBMITTED UNCONTRADICTED EVIDENCE OF THE DEFENDANTS' PUBLICALLY-STATED RETURN POLICY WITH MY MOTION FOR RECONSIDERATION IN THE FORM OF DEFENDANTS' OWN IRS SUBMISSION AS EXHIBIT VWD24, WHICH THEY HAVE NEVER DENIED MAKING. AND MY DECLARATIONS THEMSELVES SHOW THAT DEFENDANTS PUBLICALLY AND REPEATEDLY CLAIM THEY RETURN FUNDS ON DEMAND. MY INABILITY TO OBTAIN SOME EVIDENCE

4

SOONER IS REASONABLE FOR SEVERAL REASONS, ONE OF WHICH IS I HAD NO WAY OF PREDICTING THAT THE COURT WOULD REJECT MY ORIGINAL UNCONTRADICTED EVIDENCE OF DEFENDANTS' PUBLICALLY-AVOWED REFUND POLICY. I HAD LESS THAN TWO WEEKS TO COME UP WITH THE EVIDENCE OF ALL ELEMENTS IN SUPPORT OF MY BREACH OF CONTRACT AND CONVERSION CLAIMS.

AT NO POINT DID ANYBODY CONTRADICT THE FACT THAT THERE WAS A CONTRACT, NOR THE DEFENDANTS' PUBLICALLY-STATED REFUND POLICY IS TO REFUND MONEY ON DEMAND. NOW, THE OEC VOLUME EXHIBIT I SUBMITTED WITH MY DECLARATIONS IN SUPPORT OF MY MOTION FOR RECONSIDERATION WERE NOT IN MY POSSESSION. I OBTAINED THOSE LATER. I OBTAINED A FEW THROUGH CONTACTS ON THE INTERNET THAT I REACHED OUT TO LOOKING FOR THESE MATERIALS. THEN I WENT TO THE L.A. COUNTY LIBRARY DOWNTOWN AND OBTAINED COPIES MYSELF OF THE SAME DOCUMENTS.

I HAD NO ABILITY TO GET THOSE DOCUMENTS BEFORE OTHER THAN, YOU KNOW, THE FACT THAT I SPENT OVER 100 HOURS PREPARING MY OPPOSITIONS TO DEFENDANTS' TWO ORIGINAL MOTIONS IN 13 DAYS AND DID SUBMIT EVIDENCE, ADMISSIBLE EVIDENCE IN SUPPORT OF MY POSITION THAT THIS DEFENDANTS' PUBLICALLY-STATED REFUND POLICY.

THE COURT: WHY WASN'T ANY OF THAT RAISED AT THE HEARING IN OCTOBER? YOU'RE AN ATTORNEY. YOU KNOW THAT THE ANTI-SLAPP STATUTE IS A FAIRLY UNIQUE PROCEDURE, WHICH CAN BE TERMINAL. IT'S NOT A NEW LAW. IT'S BEEN AROUND FOR SOME TIME, AND THERE'S DEVELOPED CASE LAW WHICH MAKES IT VERY CLEAR THAT IT IS SOMETHING THAT MUST BE TAKEN

Coalition of Court Reporters of Los Angeles

205 South Broadway, Suite 200, Los Angeles, CA 90012 | 213.471.2966 | www.ccrola.com

SERIOUSLY. AND IF YOU'RE THE PLAINTIFF, YOU HAVE TO MAKE YOUR BEST SHOWING AT THE TIME OF THE HEARING OR YOU'RE SUBJECT TO THE ENTIRE CASE BEING DISMISSED WITHOUT THE OPPORTUNITY TO FILE A NEW PLEADING OR PRESENT NEW EVIDENCE OR THE KINDS OF THINGS YOU'VE DONE TODAY. IF YOU WERE TRULY IN THIS BIND THAT YOU HAVE TRIED TO DESCRIBE, WHY WASN'T ANY OF THAT RAISED AT THE HEARING?

MR. WOODWARD: I THINK THE MAIN REASON, YOUR HONOR, IS NOBODY EVER DISPUTED THE FACT THAT DEFENDANTS' PUBLICALLY-STATED REFUND POLICIES THAT THEY RETURN PAYMENTS ON DEMAND. I DID PRESENT THAT EVIDENCE IN MY ORIGINAL DECLARATION. DEFENDANTS NEVER CONTRADICTED IT. THEY DID SUBMIT THEIR ENROLLMENT APPLICATION, WHICH DOES NOT CONTRADICT THEIR PUBLICALLY-STATED REFUND POLICY. IT'S SOMETHING ELSE.

THEY NEVER DISPUTED THAT FACT. ALL I DID IS PROCEEDED TO GATHER EVEN MORE EVIDENCE IN SUPPORT OF MY POSITION, WHICH I HAD NO IDEA THAT THE COURT WOULD REJECT MY EVIDENCE ON THE ORIGINAL MOTION THAT I HAD PERSONAL KNOWLEDGE OF AND STATED AS MUCH IN MY DECLARATION.

THE COURT: ANYTHING ELSE?

MR. WOODWARD: YES, YOUR HONOR. I WAS JUST ABOUT TO RAISE THE DEFENDANTS' ENROLLMENT APPLICATION IS UNCONSCIONABLE AND UNENFORCEABLE FOR A VARIETY OF REASONS, WHICH I BRIEFED IN MY OPPOSITION TO DEFENDANTS' ARBITRATION MOTION AND MY OPPOSITION TO THE ANTI-SLAPP MOTION. I BROUGHT THIS UP AT THE OCTOBER 6TH HEARING AND EXPLAINED WHY IT MATTERS. THE DEFENDANT CORPORATION'S

Coalition of Court Reporters of Los Angeles

205 South Broadway, Suite 200, Los Angeles, CA 90012 | 213.471.2966 | www.ccrola.com

CLAIMED RELIGIOUS STATUS. THE FACT THAT THE DEFENDANT CORPORATION CLAIMED RELIGIOUS STATUS DOES NOT CHANGE THE FACT THAT THEY ENTERED INTO COMMERCIAL TRANSACTIONS. THE SUPREME COURT OF THE UNITED STATES HAS ALREADY RULED THAT THE EXACT TYPE OF TRANSACTION AT ISSUE; NAMELY, THE EXCHANGE OF MONEY FOR SCIENTOLOGY COUNSELING AND COURSES AT FIXED PRICES IS A QUID PRO QUO TRANSACTION, NOT DONATIVE; THAT'S THE HERNANDEZ CASE.

MOREOVER, DEFENDANTS ADMITTED IN THEIR ARBITRATION MOTION FILED IN THIS MATTER AT PAGES 13 TO 14 THAT THESE ARE COMMERCIAL TRANSACTIONS. THEY ASSERTED THE APPLICABILITY OF THE FEDERAL ARBITRATION ACT, WHICH ONLY APPLIES TO TRANSACTIONS INVOLVING COMMERCE; THAT IS IN DEFENDANTS' ARBITRATION MOTION. I ASK THE COURT TO TAKE JUDICIAL NOTICE OF DEFENDANTS' ARBITRATION MOTION AND OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' ARBITRATION MOTION. YOUR HONOR, I ATTEMPTED TO DO SO AT THE ORIGINAL HEARING.

I FELT THAT I WAS BEING CUTOFF. IN LOOKING AT THE TRANSCRIPT NOW, I SEE WE WERE TALKING OVER EACH OTHER. I APOLOGIZE FOR THAT, BUT I DID ATTEMPT TO BRING THIS UP AND RAISE IT AT THE HEARING. I SUBMITTED UNCONTRADICTED EVIDENCE THAT DEFENDANTS' PUBLICLY STATE THAT THEY REFUND MONEY ON DEMAND. I SUBMITTED UNCONTRADICTED EVIDENCE THAT IN MY INSTANCE I PREPAID FOR GOODS AND SERVICES FROM DEFENDANTS IN RELIANCE ON THEIR PUBLICALLY-STATED REFUND POLICY AMONG OTHER REPRESENTATIONS. I SUBMITTED UNCONTRADICTED EVIDENCE IN MY INSTANCE DEFENDANTS COMPLETELY REJECTED MY REFUND DEMAND, WHICH WAS SOLELY FOR

Coalition of Court Reporters of Los Angeles

205 South Broadway, Suite 200, Los Angeles, CA 90012 | 213.471.2966 | www.ccrola.com

THE REFUND OF UNUSED MONEY THAT I HAVE ON ACCOUNT WITH THEM. THAT'S ALL IN MY FIRST DECLARATION FILED WITH MY OPPOSITION TO DEFENDANTS' ANTI-SLAPP MOTION. SCIENTOLOGY IS A RELIGION. I DO NOT DISPUTE THAT. THIS IS NOT A RELIGIOUS DISPUTE. IT IS A COMMERCIAL DISPUTE. NO CASES EVER HELD THAT THIS UNCONTRADICTED FACTUAL SCENARIO PRESENTS AN NONJUSTICIABLE RELIGIOUS DISPUTE REGARDLESS OF WHAT ADDITIONAL ALLEGATIONS REMAIN. NO CASE HAS EVER HELD THAT ADVERTISING SPEECH ABOUT ONE'S OWN PRODUCTS IS SPEECH PROTECTED BY THE ANTI-SLAPP STATUTE.

IT'S NOT PROTECTED BY THE ANTI-SLAPP STATUTE, WHICH COMES FROM THE SCOTT VERSUS METABOLIFE CASE, WHICH I CITED IN MY PAPERS; THAT'S WHERE THE COURT OF APPEAL EXPLAINS HOW IT IS THAT DEFENDANTS' ADVERTISING SPEECH ABOUT THEIR OWN SERVICES AND PRODUCTS DO NOT FALL WITHIN THE PURVIEW OF THE ANTI-SLAPP STATUTE BECAUSE, AMONG OTHER THINGS, IT IS NOT A MATTER OF PUBLIC INTEREST FOR ANTI-SLAPP PURPOSES.

THE APPEALS COURT WROTE, "A MANUFACTURER DOES NOT ENGAGE IN ACTIVITIES PROTECTED BY THE FIRST AMENDMENT WHEN IT PRODUCES A PRODUCT THAT DOES MEET ITS WARRANTED OR REPRESENTED CHARACTERISTICS." IT'S ON PAGE 417 OF THE SCOTT VERSUS METABOLIFE. THE COURT CONTINUED AT PAGE 422, "IN REJECTING THE DEFENDANT'S ARGUMENT THAT THE SUBJECT OF HERBAL DIETARY SUPPLEMENTS IS THE SUBJECT OF PUBLIC INTEREST. THE COURT CONCLUDED THE TOPIC OF THE LAWSUIT WAS NOT HERBAL MEDICINE IN GENERAL. BUT RATHER THIS MANUFACTURER'S MISREPRESENTATIONS ABOUT THE SPECIFIC

Coalition of Court Reporters of Los Angeles

205 South Broadway, Suite 200, Los Angeles, CA 90012 | 213.471.2966 | www.ccrola.com

BENEFITS OF THIS SPECIFIC PRODUCT. THE COURT FOUND THAT THAT KIND OF SPEECH IS NOT FIRST AMENDMENT SPEECH. THIS IS THE RATIONAL OF SCOTT VERSUS METABOLIFE, AND IT APPLIES HERE. THIS IS NOT A DISPUTE ABOUT RELIGIOUS SPEECH, BUT RATHER A DISPUTE ABOUT DEFENDANTS', QUOTE, MISREPRESENTATIONS ABOUT THE SPECIFIC PROPERTIES AND BENEFITS OF THIS SPECIFIC PRODUCT." SO, YOUR HONOR, I HAD NO REASONABLE WAY OF ANTICIPATING THAT THE COURT'S RULING WOULD, IN EFFECT, CREATE LAW CONTRADICTORY TO THE APPEAL COURT'S DECISIONS.

AND IN LIGHT OF THE COURT'S RULING, I DID GO OUT AND OBTAIN MORE EVIDENCE IN SUPPORT OF THE FACT THAT DEFENDANTS PUBLICALLY STATE THEY HAVE A CERTAIN RETURN POLICY, WHICH IS TO REFUND MONEY ON DEMAND. IT'S NEVER BEEN CONTRADICTED. IT NEVER WAS CONTRADICTED IN MY ORIGINAL OPPOSITION. IT HASN'T BEEN CONTRADICTED NOW IN CONNECTION WITH MY MOTION FOR RECONSIDERATION.

THE COURT: THANK YOU. ANY ARGUMENT BY THE DEFENSE?

MR. SOTER: YOUR HONOR, BRIEFLY. THE COURT'S TENTATIVE IS CORRECT AS A MATTER OF LAW. THERE'S A GOOD REASON THAT MR. WOODWARD NEVER CITED A SINGLE CASE ARISING UNDER CCP SECTION 1008 BECAUSE THOSE CASES ARE DISPOSITIVE. THE CASE THAT IS PRIMARILY ON POINT IS NEW YORK TIMES VERSUS SUPERIOR COURT, IN WHICH JUSTICE EPSTEIN REVERSED A TRIAL COURT THAT GRANTED RECONSIDERATION BASED ON DEPOSITION TESTIMONY THAT WAS OBTAINED ONLY TWO DAYS BEFORE THE SUMMARY JUDGMENT HEARING BECAUSE THE COURT FOUND THAT THE EVIDENCE THAT WAS PRESENTED WAS WITHIN THE

Coalition of Court Reporters of Los Angeles

205 South Broadway, Suite 200, Los Angeles, CA 90012 | 213.471.2966 | www.ccrola.com

CONTROL OF THE OBJECTING PARTY, THE PARTY THAT SOUGHT RECONSIDERATION. BECAUSE IT WAS WITHIN THE CONTROL, THE PARTY HAD AN OBLIGATION TO PRESENT IT TO THE COURT AT THE TIME OF THE SUMMARY JUDGMENT MOTION OR AT THE VERY LEAST SEEK A CONTINUANCE OF THE HEARING. THERE ARE NO NEW FACTS HERE.

ALL THE FACTS THAT MR. WOODWARD DESCRIBES HE SAYS WERE PUBLICALLY AVAILABLE OR KNOWN TO HIM WHEN HE FILED HIS OPPOSITION IN JUNE. WHEN HE APPEARED IN FRONT OF THIS COURT IN JULY AT THE CASE MANAGEMENT CONFERENCE AND WHEN HE ARGUED THE MOTION ON OCTOBER 8TH, HE NEVER ASKED FOR A CONTINUANCE. HE NEVER TOLD THE COURT THAT HE NEEDED MORE TIME. HE NEVER ASKED US FOR A CONTINUANCE. EVEN WHEN WE WERE HERE ON A CASE MANAGEMENT CONFERENCE ON JULY 31ST AND I SAID TO THE COURT, MR. WOODWARD'S FILED LENGTHY OPPOSITION. WE NEED FIVE EXTRA PAGE. THE COURT GAVE IT TO ME.

MR. WOODWARD DIDN'T ASK FOR MORE TIME. HE DIDN'T SAY HE NEEDED ADDITIONAL TIME. HE COULD HAVE, UNDER THE COURT RULES, SUPPLEMENTED HIS PAPERS UP UNTIL THE END OF SEPTEMBER AND CHOSE NOT TO. AND WHAT HE'S SAYING TO THE COURT TODAY IS THAT HE REALLY DIDN'T THINK IT WAS NECESSARY TO SAY ANYTHING ELSE. THAT HIS OPPOSITION WAS ADEQUATE AND HE DIDN'T REALIZE THE SIGNIFICANCE OF THE MOTION UNTIL THE COURT RULED. NEW YORK TIMES VERSUS SUPERIOR COURT SPECIFICALLY SAYS THAT IF THE PARTY DID NOT SUBMIT EVIDENCE BECAUSE HE DIDN'T THINK IT WAS NECESSARY TO DO SO, THAT IS INSUFFICIENT AS A MATTER OF LAW FOR A

10

MOTION FOR RECONSIDERATION. MR. WOODWARD SAYS WE SPOKE OVER EACH OTHER AT THE HEARING. HE REALLY DIDN'T HAVE AN OPPORTUNITY TO ARGUE THE CASE FULLY AT THE OCTOBER 6TH HEARING. THE TRANSCRIPT SAYS THE OPPOSITE. THE COURT TO MR. WOODWARD, "YOU CAN DISCUSS WHATEVER YOU WOULD LIKE IN RELATION TO THE ANTI-SLAPP MOTION." MR. WOODWARD MADE A PROFFER OF EVIDENCE THAT WAS UNAFFECTED BY THE WITHDRAWAL OF THE DEFENDANTS' MOTION TO COMPEL ARBITRATION.

THIS IS BECAUSE THE AFFIDAVIT, THE DECLARATIONS THAT WERE FILED BY MR. WOODWARD WERE SUBMITTED IN OPPOSITION TO BOTH MOTIONS. HE HAD A FULL AND FAIR OPPORTUNITY TO ADDRESS ALL THE ISSUES AND NONE OF THESE FACTS RELATE TO THE COURT'S FINDING IN ITS MINUTE ORDER THAT PLAINTIFF'S RELIGIOUS CHALLENGES HAVE CONFUSED ALL OF HIS CAUSES OF ACTION AND ARE SO PREDOMINANT IN HIS ARGUMENTS. THIS IS NOT A CASE IN WHICH RELIGIOUS PARTIES HAVE PRESENTED A DISCREET PROPERTY DISPUTE THAT CAN BE DETERMINED BY NEUTRAL PRINCIPLES OF LAW.

EVEN IF WE WERE TO CREDIT SOME OF THIS NEW PUBLICALLY-AVAILABLE INFORMATION, IT DOESN'T CHANGE THE COURT'S CORE DECISION IN THIS CASE; THAT THIS CONTROVERSY PLED BY MR. WOODWARD IS NOT JUSTICIABLE.

THE COURT: THANK YOU. ANYTHING ELSE BY THE CODEFENDANTS?

MR. MOXON: VERY BRIEFLY, YOUR HONOR. I WISH TO MAKE SURE THAT THE RECORD IS CLEAR THAT AT THE LAST HEARING, MR. WOODWARD WAS NEVER CUTOFF. THE COURT VERY PROFESSIONALLY AND JUDICIALLY GAVE HIM ALL THE TIME HE

Coalition of Court Reporters of Los Angeles

205 South Broadway, Suite 200, Los Angeles, CA 90012 | 213.471.2966 | www.ccrola.com

WANTED AND ASKED IF HE HAD ANY MORE ARGUMENT. I JUST WANT THAT TO BE QUITE CLEAR FOR THE RECORD. LASTLY, THE ASSERTIONS -- I MUST HAVE HEARD MR. WOODWARD SAY 15 OR 20 TIMES ALL THE THINGS THAT WERE UNCONTRADICTED. THAT'S JUST SIMPLY NOT THE CASE. THERE'S NOTHING THAT WAS UNCONTRADICTED.

AS MR. SOTER JUST MENTIONED, THE RELIGIOUS ISSUES WOULD HAVE BEEN SUCH THAT THE COURT WOULD HAVE TO ADJUDICATE WHAT WAS RELIGIOUS AND WHAT WAS NOT IN HIS INTERPRETATION VERSUS THE CHURCH'S INTERPRETATION OF THESE MATTERS THAT HE RAISED AND ALLEGED POLICIES. IT COULDN'T BE DONE BY THE COURT. I HAVE NOTHING ELSE TO ADD TO WHAT MR. SOTER HAS JUST SAID.

THE COURT: THANK YOU. ANYTHING ELSE BY PLAINTIFF?

MR. WOODWARD: YES, YOUR HONOR.

THE COURT: BRIEFLY PLEASE.

MR. WOODWARD: THE EVIDENCE THAT I SUBMITTED IN SUPPORT OF MY MOTION FOR RECONSIDERATION WAS NOT IN MY CONTROL OR POSSESSION WHEN THE HEARING HAPPENED OR BEFORE THEN. THE EVIDENCE I OBTAINED FROM VOLUMES THAT ARE IN DEFENDANT'S POSITION. WE'VE DONE NO DISCOVERY.

I DID NOT KEEP -- ONCE I CEASED BEING A CUSTOMER OF THE CHURCH OF SCIENTOLOGY, I GOT RID OF NEARLY ALL MY MATERIALS, INCLUDING ANY MATERIALS LIKE THIS THAT I HAD. I DID NOT HAVE ACCESS TO THESE MATERIALS. IT WAS NOT IN MY POSSESSION. I DID NOT MAKE A STRATEGIC DECISION NOT TO SUBMIT THIS ADDITIONAL EVIDENCE CONTRARY TO DEFENSE COUNSEL HAS CLAIMED. MOREOVER, THE ISSUE HERE IS THE FACT

Coalition of Court Reporters of Los Angeles

205 South Broadway, Suite 200, Los Angeles, CA 90012 | 213.471.2966 | www.ccrola.com

THAT DEFENDANTS WITHDREW THEIR ARBITRATION MOTION AT THE LAST SECOND, NOT THAT I JUST RESTED ON MY LAURELS FOR MONTHS WHILE I COULD HAVE BEEN GATHERING MORE EVIDENCE. THAT HEAD FAKE I TRIED TO BRING UP AT THE HEARING. THE HEARING TRANSCRIPT I HAVE ATTACHED TO, I BELIEVE, MY DECLARATION IN OPPOSITION TO THE ATTORNEY'S FEE MOTION BUT WHAT ACTUALLY WAS STATED IN FULL IS I SAID, "THAT TIES INTO DEFENDANTS' ARBITRATION MOTION BECAUSE ARBITRATION MOTIONS ARE APPEALABLE.

IF YOU LOSE AN ARBITRATION MOTION, YOU HAVE THE RIGHT OF APPEAL. WHAT I FORESEE HAPPENING HERE POTENTIALLY IS --". THE COURT STATED, "WELL, THAT MOTION HAS BEEN WITHDRAWN." I STATED, "IT HAS NOT. IT HAS BEEN TAKEN OFF CALENDAR. I BELIEVE THERE'S A DIFFERENCE." THE COURT STATED, "WELL, IT'S NOT BEFORE ME. ARE THE DEFENDANTS ASSERTING ANY?" MR. MOXON STATED, "NO, YOUR HONOR." THE COURT, "IT'S NOT BEFORE ME. I HAVEN'T EVEN READ IT." SO I STATED, "WELL, YOUR HONOR, I WOULD LIKE TO ADDRESS THIS."

THE COURT, "NO. I MEAN I HAVE NOT EVEN READ IT. IT'S NOT ON THE CALENDAR TODAY. IT'S BEING WITHDRAWN. IT'S NOT AT ISSUE." MR. WOODWARD, "I BELIEVE THE SUBSTANCE--". THE COURT, "WE HAVE GOT PLENTY TO TALK ABOUT IN REGARD TO THE ANTI-SLAPP MOTION, BUT THERE IS NO ARBITRATION MOTION BEFORE THE COURT." "UNDERSTOOD, YOUR HONOR. THERE ARE ARGUMENTS BEFORE THE COURT WITH RESPECT TO THE VALIDITY OF THESE ENROLLMENT APPLICATIONS THAT I CITE." THE COURT, "YOU CAN DISCUSS WHATEVER YOU LIKE IN

13

RELATION TO THE ANTI-SLAPP MOTION, BUT NOT MOTIONS THAT HAVE BEEN WITHDRAWN." I STATED, "HAVE THEY BEEN WITHDRAWN WITH PREJUDICE, YOUR HONOR, OR WITH THE RIGHT TO RE-BRING THEM?" THE COURT, "IT'S NOT BEFORE ME. I DON'T HAVE IT. IT'S NOT ON CALENDAR. IT HAS BEEN WITHDRAWN." "UNDERSTOOD, YOUR HONOR. NOW, DEFENDANTS' COUNSEL HAVE RAISED THE ISSUE OF THESE ENROLLMENT APPLICATIONS WHICH WERE THE SUBJECT OF THE ARBITRATION MOTION.

THEY ARE RIGHT BACK HERE TODAY CLAIMING THAT I SIGNED THESE AGREEMENTS, WHICH I HAVE ACCORDING TO THESE APPLICATIONS, WHICH I HAVE." THEN I GO ON TO SAY THEY'RE NOT BINDING CONTRACTS, AND I EXPLAIN ONE OF THE REASONS WHY. YOUR HONOR, I DID HONESTLY TRY TO BRING THIS UP. I FELT THAT I WAS BEING TOLD NOT TO DISCUSS THE ARBITRATION MOTION WHATSOEVER. I DIDN'T KNOW WHAT TO DO. I RAISED THE ISSUE.

I RAISED THE ARBITRATION MOTION. I DID TRY. MR. MOXON SAYS THAT I HAVE RAISED RELIGIOUS BELIEFS THAT NEED ADJUDICATION OR RATHER I RAISED ISSUES THAT WILL REQUIRE THE COURT TO DECIDE WHAT IS A RELIGIOUS BELIEF AND WHAT IS NOT. THAT'S NOT TRUE. NEITHER COUNSEL OR DEFENDANTS HAVE EVER STATED A SINGLE RELIGIOUS BELIEF THAT I AM ASKING COURT TO ADJUDICATION, NOT ONE. THEY ALSO SAY THAT MY EVIDENCE HAS BEEN CONTRADICTED OR RATHER IT HAS NOT BEEN UNCONTRADICTED, WHICH IS FALSE. DEFENDANTS HAVE NEVER CLAIMED OR SUBMITTED ANY EVIDENCE TO THE EFFECT THAT THEY DO NOT HAVE A PUBLICALLY-STATED REFUND POLICY, SAYING THAT THEY REFUND MONEY ON REQUEST. THEY NEVER SUBMITTED ANY

14

EVIDENCE SHOWING THAT OR INDICATING THAT. THEREFORE, MY EVIDENCE THAT THEY DO HAVE THAT PUBLICALLY-STATED REFUND POLICY IS UNCONTRADICTED, BOTH IN MY OPPOSITION TO THE ANTI-SLAPP MOTION AND IN MY MOTION FOR RECONSIDERATION. I USED ALL THE DILIGENCE I COULD. I BELIEVE IT WAS VERY REASONABLE, THE EFFORT I PUT INTO OPPOSING DEFENDANTS' MOTION, ANTI-SLAPP MOTION, YOUR HONOR. IT'S NOT A SITUATION WHERE I FAILED TO EXERCISE REASONABLE DILIGENCE OBTAINING THIS EVIDENCE.

THE COURT: THANK YOU. THE RULING IS ADOPTED. AS I TRIED TO EXPRESS, I THINK THIS IS MERELY AN EFFORT TO REARGUE THE MATTER IN LIGHT OF AN ADVERSE RULING. THAT IS NOT APPROPRIATE FOR RECONSIDERATION. I'M NOT GOING TO ELABORATE ON ANY POINTS OTHER THAN THE HEARING ON OCTOBER 6TH. I THINK THE RECORD SHOULD REFLECT THAT I GAVE MR. WOODWARD EVERY OPPORTUNITY TO RAISE WHATEVER POINTS HE WANTED IN RESPECT TO THE ANTI-SLAPP RULING AND MOTION.

WHAT HAS BEEN QUOTED IS AN EXCHANGE IN WHICH MR. WOODWARD SEEMED TO WANT, IN MY ESTIMATION, TO ARGUE A MOTION WHICH WAS NOT BEFORE THE COURT. HE WANTED TO ARGUE THE ARBITRATION MOTION, WHICH HAD BEEN WITHDRAWN. AND HIS REQUEST OR HIS OBSERVATION OR WHATEVER IT WAS ABOUT WHETHER IT WAS WITHDRAWN WITH PREJUDICE OR WITHOUT PREJUDICE SEEMED TO ME TO BE AN EAGERNESS TO GET INTO THE ARBITRATION ISSUES, WHICH WERE NOT BEFORE THE COURT. AS I CANDIDLY EXPRESSED, I HADN'T EVEN READ IT BECAUSE IT HAD BEEN WITHDRAWN. IT WASN'T SOMETHING WE NEEDED TO ADDRESS.

15

IF MR. WOODWARD HAD SOME POINT ABOUT THE ARBITRATION ISSUES THAT RELATED TO THE ANTI-SLAPP MOTION, HE WAS CERTAINLY WELCOME TO EXPRESS THOSE. AND I THINK AS AN ATTORNEY, IT WAS HIS OBLIGATION TO MAKE IT CLEAR TO ME THAT HE WAS NOT INTENDING TO ARGUE A MOTION WHICH HAD BEEN WITHDRAWN, BUT THAT HE WAS INSTEAD INTERESTED IN EXPRESSING SOME POINTS ABOUT THE ARBITRATION ISSUES THAT RELATED TO THE ANTI-SLAPP MOTION AND NONE OF THAT WAS EXPRESSED.

SO THE MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE ARE BOTH DENIED. THE OTHER MATTER BEFORE THE COURT IS THE DEFENSE MOTION FOR ATTORNEY'S FEES AND COSTS. I PREPARED A TENTATIVE ON THAT, WHICH AWARDS COSTS IN A REDUCED AMOUNT. DO YOU WISH TO ADDRESS THAT AS MOVING PARTIES.

MR. SOTER: I'LL SUBMIT ON THE COURT'S TENTATIVE.

MR. MOXON: SUBMIT, YOUR HONOR.

THE COURT: DO YOU WISH TO ADDRESS THAT, MR. WOODWARD?

MR. WOODWARD: I DO, YOUR HONOR. REGARDING DEFENDANTS' FEES MOTION, THE COURT STATED IN ITS TENTATIVE RULING THAT MR. SOTER CHARGES $750 PER HOUR. THERE'S NO EVIDENCE THAT HE'S EVER CHARGED THAT RATE. I DON'T BELIEVE HE EVEN CLAIMS TO HAVE EVER CHARGED THAT MUCH. RATHER, HE MERELY OPINED THAT HIS SERVICES ARE REASONABLY WORTH $750 PER HOUR, AN OPINION WHICH IS INADMISSIBLE BECAUSE HE BELIEVES THAT HIS FRIENDS CHARGE THAT MUCH OR HIS ASSOCIATES OR ACQUAINTANCES. NOBODY'S EVER PAID MR.

Coalition of Court Reporters of Los Angeles

205 South Broadway, Suite 200, Los Angeles, CA 90012 | 213.471.2966 | www.ccrola.com

SOTER $750 PER HOUR SO FAR AS THE EVIDENCE SHOWS. IT IS NOT CORRECT TO STATE THAT MR. SOTER CHARGES $750 PER HOUR. HE DOES NOT CHARGE $750 PER HOUR. MOREOVER, DEFENDANTS SUBMITTED NO EVIDENCE OF WHAT A REASONABLE AMOUNT OF TIME IS FOR BRINGING AN ANTI-SLAPP MOTION. THE ONLY SUBMITTED SUPPOSED EVIDENCE OF HOW MUCH TIME THEY TOOK IN THE FORM OF EXHIBITS WITHOUT LAYING ANY FOUNDATION FOR THEIR ADMISSIBLE.

THE COURT REFERS TO THEM IN THE TENTATIVE RULINGS AS BILLING RECORDS, BUT DEFENDANTS' ATTORNEYS NEVER CLAIM THAT THEIR EXHIBITS ARE BILLING RECORD. INDEED, THEY NEVER CLAIMED WHAT THEY CHARGED DEFENDANTS FOR THEIR SERVICES. THOSE EXHIBITS ARE NOT BILLING RECORDS. THE DEFENDANTS' ATTORNEYS SIMULTANEOUSLY CLAIM TO BE ANTI-SLAPP AND RELIGIOUS SPEECH EXPERTS AND THAT THEY TOOK NEARLY 200 HOURS TO BRING THEIR ANTI-SLAPP MOTION WITHOUT ANY ADMISSIBLE EVIDENCE OF AS MUCH. I OBJECT TO THE ADMISSION OF DEFENDANTS' DECLARATIONS AND THEIR EXHIBITS FOR LACK OF FOUNDATION.

MOREOVER, DEFENDANTS DID NOT SUBMIT ANY EVIDENCE OF REASONABLE MARKET RATES. RATHER, THEY ASKED FOR RATES ABOVE WHAT THEY HAVE EVER CHARGED AND WAY ABOVE THE MARKET RATE FOR THEIR WORK AS REFLECTED IN MY EXHIBIT VWD20, WHICH IS A SURVEY OF ATTORNEY RATES ACROSS MANY DIMENSIONS. THEREFORE, DEFENDANTS' ATTORNEYS OVERREACHED IN THEIR FEE MOTION. THEY ASK FOR UNREASONABLY-INFLATED RATES, WHICH IS THE EXACT SPECIAL CIRCUMSTANCE IDENTIFIED IN SERRANO VERSUS UNRUH AT PAGE 635, WHICH I CITED, THAT

17

WARRANTS A COMPLETE DENIAL OF A FEE MOTION. I REQUEST THAT THE COURT DENY DEFENDANTS' FEE MOTION ON THAT BASIS. THANK YOU.

THE COURT: ANYTHING BY THE MOVING PARTIES?

MR. SOTER: NO, YOUR HONOR.

MR. MOXON: NO, YOUR HONOR.

THE COURT: THE TENTATIVE RULING IS ADOPTED. I CONSIDERED ALL OF THE EVIDENCE BEFORE ME. THE OBJECTIONS TO THE DECLARATIONS PRESENTED BY THE DEFENSE ARE OVERRULED. I HEAR SO MANY ANTI-SLAPP MOTIONS. I THINK I'M BECOMING AN EXPERT ON THE AMOUNT OF WORK REQUIRED AND THE FEES THAT ARE BILLED, NOT ONLY FOR ANTI-SLAPP, BUT FOR DISCOVERY DISPUTES AND TRIALS AND SO FORTH. IT SEEMS LIKE HARDLY A WEEK GOES BY WHERE I'M NOT CALCULATING FEES IN SOME WAY.

THAT'S WHAT I TRIED TO DO HERE. I THINK THERE WAS AN ENORMOUS AMOUNT OF WORK INVOLVED, FIRST OF ALL. THERE WAS FROM MY STANDPOINT JUST FROM REVIEWING THE PAPERS AND A GREAT DEAL MORE BY THOSE WHO PREPARED THE PAPERS. MR. WOODWARD, HIMSELF, SAID HE SPENT OVER A HUNDRED HOURS JUST ON HIS OPPOSITION. FRANKLY, NONE OF THAT SURPRISES ME.

BUT WHAT I TRIED TO DO HERE IS TAKE INTO ACCOUNT ALL OF THE WORK THAT WAS DONE, THE HOURLY RATES AND REACH WHAT I BELIEVE TO BE A FAIR AND REASONABLE AWARD FOR EVERYTHING THAT I SAW, WHICH IS NOT ONLY BASED ON WHAT WAS PRESENTED TO ME HERE, BUT ON MY EXPERIENCE WITH COMPARABLE MOTIONS AND FEE APPLICATIONS BY WHAT I VIEW TO BE COMPARABLE ATTORNEYS. I DID PUT A GREAT DEAL OF THOUGHT INTO. THIS

Coalition of Court Reporters of Los Angeles

205 South Broadway, Suite 200, Los Angeles, CA 90012 | 213.471.2966 | www.ccrola.com

IS SOMETHING I'M ENTIRELY COMFORTABLE WITH.

MR. MOXON:  THANK YOU, YOUR HONOR.

MR. SOTER:  THANK YOU, YOUR HONOR.

THE COURT:  THE RULINGS WILL BE INCORPORATED INTO THE MINUTE ORDER FOR TODAY.  DO YOU BOTH WAIVE NOTICE OF THE RULINGS?

MR. SOTER:  YES, YOUR HONOR.  I HAVE A PROPOSED JUDGMENT BASED ON THE COURT'S TENTATIVE I WOULD LIKE TO HAND UP TO THE COURT.

THE COURT:  HAVE YOU GIVEN THAT TO MR. WOODWARD?

MR. SOTER:  I'M DOING SO NOW.

THE COURT:  WOULD YOU LIKE TO ADDRESS THAT TODAY OR DO YOU WANT TIME TO REVIEW IT, MR. WOODWARD?

MR. WOODWARD:  I'D LIKE TIME TO REVIEW IT, YOUR HONOR.

THE COURT:  YOU CAN SUBMIT IT TODAY.  ANY OBJECTIONS SHOULD BE PRESENTED IN FIVE DAYS.

MR. WOODWARD:  UNDERSTOOD.

THE COURT:  THANK YOU VERY MUCH.

MR. WOODWARD:  THANK YOU, YOUR HONOR.

(THE PROCEEDINGS IS CONCLUDED.)

Coalition of Court Reporters of Los Angeles

205 South Broadway, Suite 200, Los Angeles, CA 90012 | 213.471.2966 | www.ccrola.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 56                    HON. MICHAEL JOHNSON, JUDGE

VANCE WOODWARD,                      )
                                     )
                                     )   CASE NO. BC540097
                                     )
            PLAINTIFF,               )   REPORTER'S
                                     )   CERTIFICATE
        VS.                          )
                                     )
                                     )
CHURCH OF SCIENTOLOGY                )
INTERNATIONAL, ET. AL.,              )
                                     )
                                     )
            DEFENDANT.               )
_____)

        I, TRACY DYRNESS, OFFICIAL REPORTER PRO TEM OF THE COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING PAGES, 1 THROUGH 19, COMPRISE A FULL, TRUE, AND CORRECT TRANSCRIPT OF THE PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER ON WEDNESDAY, JANUARY 7, 2015.

        DATED THIS 29TH DAY OF JANUARY, 2015.

_____, CSR NO. 12323
        OFFICIAL REPORTER

Coalition of Court Reporters of Los Angeles

205 South Broadway, Suite 200, Los Angeles, CA 90012 | 213.471.2966 | www.ccrola.com